UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
JUSTIN SATHUE,                        :
                          Plaintiff,  :
                                      :          20cv1968 (DLC)
            -v-                       :
                                      :               ORDER
EQUIFAX INFORMATION SERVICES LLC,     :
CITIGROUP INCORPORATED, FIRST DATA    :
CORP., and LEXISNEXIS RISK SOLUTIONS, :
LLC,                                  :
                          Defendants. :
                                      :
--------------------------------------X

DENISE COTE, District Judge:

        This action was removed from New York State Court on March

5, 2020.  On March 10, 12, and 13, 2020, defendants Equifax

Information Services LLC ("Equifax), First Data Corp. ("First

Data"), and Citigroup N.A.[1] ("Citigroup") each filed a motion to

dismiss the complaint (collectively, the "March Motions to

Dismiss") pursuant to Rule 12(b)(6), Fed. R. Civ. P.[2]  Citigroup

filed proof of service of its motion to dismiss on plaintiff on

March 12.  An Order of March 17 advised plaintiff that he may

file an Amended Complaint or oppose the March Motions to Dismiss

by April 10, 2020.  On March 19, First Data filed proof of

service of the Notice of Removal, the Court's March 17 Order,

---

[1] Citigroup represents that the New York civil court filing
erroneously refer to the entity as "Citigroup Incorporated" and
that "Citigroup N.A." is the proper defendant.

[2] First Data filed the Notice of Removal on March 5, including
Equifax's consent to removal.  Citigroup consented to removal
separately on the same day.

and its motion to dismiss.  Equifax filed proof of service of its motion to dismiss on plaintiff on March 20.

On April 2, plaintiff filed a pro se Notice of Appearance. An Order of April 6 advised plaintiff that, due to the ongoing COVID-19 health emergency, he could file using the temporary pro se email address.  To date, plaintiff has not filed any amended complaint, opposed the March Motions to Dismiss, or sought an extension.

On a motion to dismiss where plaintiff is proceeding pro se, a court should "construe [p]laintiff's pro se complaint liberally to raise the strongest arguments that it suggests." Costabile v. New York City Health & Hosps. Corp., 951 F.3d 77, 80 (2d Cir. 2020) (citation omitted).  Nonetheless, a pro se complaint "must plead enough facts to state a claim to relief that is plausible on its face, and that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 80-81 (citation omitted).  Although the Court is "obligated to draw the most favorable inferences that plaintiff's complaint supports, [it] cannot invent factual allegations that he has not pled."  Id. at 81 (citation omitted).

As set forth in the New York civil court pleading, the totality of plaintiff's allegations is that "the negligence of the defendant and willful failure to resolve ID theft, [and] willful failure to comply with FCRA as amended" caused him $10,000 in damages.  Accordingly, it is hereby

2

ORDERED that the unopposed March Motions to Dismiss are granted.[3]  All claims are dismissed against First Data, Equifax, and Citigroup.

IT IS FURTHER ORDERED that counsel for Equifax Information Services LLC shall promptly serve on the plaintiff a copy of this Order and file proof of service.

SO ORDERED:

Dated:    New York, New York
          April 21, 2020

_____
DENISE COTE
United States District Judge

---

[3] The remaining defendant, LexisNexis Risk Solutions, LLC has yet to respond in this action.