UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JUSTIN SATHUE,                          :
                        Plaintiff,      :
                                        :        20cv1968 (DLC)
              -v-                       :
                                        :              ORDER
EQUIFAX INFORMATION SERVICES LLC,       :
CITIGROUP INCORPORATED, FIRST DATA      :
CORP., and LEXISNEXIS RISK SOLUTIONS,   :
LLC,                                    :
                        Defendants.     :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

     This action was removed from New York State Court on March
5, 2020.  On April 22, defendant LexisNexis Risk Solutions, LLC
("LexisNexis") filed a motion to dismiss the complaint pursuant
to Rule 12(b)(6), Fed. R. Civ. P.[1]  On April 24, plaintiff was
given the opportunity to file any amended complaint or oppose
LexisNexis's motion to dismiss by May 15, 2020.[2]  To date,
plaintiff has not filed any amended complaint, opposed
LexisNexis's motion to dismiss, or sought an extension.

     On a motion to dismiss where plaintiff is proceeding pro
se, a court should "construe [p]laintiff's pro se complaint
liberally to raise the strongest arguments that it suggests."
Costabile v. New York City Health & Hosps. Corp., 951 F.3d 77,

---

[1] The claims against the defendants Equifax Information Services
LLC, First Data Corp., and Citigroup N.A. were dismissed in an
Order of April 21, 2020.

[2] Plaintiff has consented to receive electronic service in this
action and received electronic notice of the April 24 Order and
LexisNexis's motion to dismiss when those documents were filed.

80 (2d Cir. 2020) (citation omitted).  Nonetheless, a pro se
complaint "must plead enough facts to state a claim to relief
that is plausible on its face, and that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged."  Id. at 80-81 (citation omitted).  Although
the Court is "obligated to draw the most favorable inferences
that plaintiff's complaint supports, [it] cannot invent factual
allegations that he has not pled."  Id. at 81 (citation
omitted).

As set forth in the New York civil court pleading, the
totality of plaintiff's allegations is that "the negligence of
the defendant and willful failure to resolve ID theft, [and]
willful failure to comply with FCRA as amended" caused him
$10,000 in damages.  Accordingly, it is hereby

ORDERED that the unopposed April 22 motion to dismiss is
granted.  The Clerk of Court is directed to close the case.

SO ORDERED:

Dated:   New York, New York
         June 1, 2020

                                    _____
                                    DENISE COTE
                           United States District Judge